# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard A. Robb,**
**Petitioner Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1650** (Kanawha County 09-Misc-352)

**West Virginia Consolidated Public Retirement Board,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard A. Robb, an attorney proceeding in his own interest, appeals the circuit court's November 7, 2011 order denying his petition for a writ of mandamus against Respondent West Virginia Consolidated Public Retirement Board. The respondent board, by J. Jeaneen Legato, its attorney, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The respondent board is a public body established pursuant to West Virginia Code § 5-10D-1 to serve as the statutory administrator of all public retirement plans in West Virginia. According to the respondent board, it is responsible for nine separate and distinct retirement plans. The Public Employees Retirement System, at issue in the case at bar, is administered in accordance with West Virginia Code §§ 5-10-1, *et seq.*, and is funded by contributions deducted from the member's salary, contributions paid by the member's public employer on the member's behalf, and earnings on those investments.

The instant action originates from the retirements and subsequent reelections, shortly thereafter, of three public employees: two circuit court judges (one in Kanawha County, another in Cabell County) and a magistrate in Summers County.[1] Petitioner challenges the retirements of these judicial officers on the ground that they "gamed the system" with the result being they resumed their judicial offices, after reelection, drawing both a salary and a pension paid by the respondent board.

---

[1] In a footnote on page four of his brief, petitioner indicates he is no longer challenging the retirement of the Summers County magistrate.

1

At the outset, the Court notes the legislature has since acted to prevent other public officials from taking similar actions. Senate Bill 244 amended West Virginia Code § 5-10-48(d) to provide in pertinent part that "[n]otwithstanding the provisions of this subsection, a member who is participating in the system as an elected public official may not retire from his or her elected position and commence to receive an annuity from the system and then *be elected* or reappointed to the same position unless and until a continuous *twelve-month* period has passed since his or her retirement from the position." § 5-10-48(d)(2) (changes in italics). There is no indication that the legislature intended retroactive application. Therefore, the amendment to § 5-10-48(d), made in 2009, does not apply to the judicial officers who retired in 2008.

In September of 2009, petitioner filed a petition for a writ of mandamus in the Circuit Court of Kanawha County[2] seeking a writ to compel the respondent board to cease paying retirement benefits to the judicial officers. On October 19, 2009, the respondent board filed a motion to dismiss for a failure to state a claim upon which relief can be granted, arguing: (1) petitioner lacked standing to maintain a mandamus action, and (2) petitioner could not establish any of the elements necessary for the issuance of a writ of mandamus.

The circuit court conducted a hearing on April 8, 2010. The circuit court subsequently entered an order dismissing petitioner's petition for a writ of mandamus. However, a copy of this order was not mailed to either petitioner or the respondent board. Consequently, the circuit court reentered the order on November 7, 2011.

On appeal, petitioner asserts that he has standing to maintain his mandamus action for several reasons including the fact that he is a beneficiary of the retirement system. Petitioner argues that while the issuance of a writ of mandamus is normally inappropriate unless the right or duty to be enforced is nondiscretionary, the judicial officers in the case at bar never "retired" in the common understanding of the term. Petitioner asserts that the respondent board had a duty to stop the travesty where the judicial officers "gamed the system." The respondent board argues that it is statutorily required to process retirements once retirees achieve the eligibility requirements. The respondent board further argues that petitioner could not establish standing to maintain the instant action. The respondent board notes that the actuarial variables which determine the amount of an employee's retirement are not impacted whatsoever by what the employee chooses to do post-retirement and that the post-retirement choice does not have any impact, positive or negative, on the Public Employees Retirement System.

The standard for determining whether the issuance of a writ of mandamus is necessary was set forth in Syllabus Point Two, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969): "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." After

---

[2] By an administrative order subsequently entered February 17, 2010, Senior Status Judge James O. Holliday was assigned to preside.

careful consideration of the parties' arguments, this Court concludes that the circuit court did not err in dismissing petitioner's petition. Having reviewed the circuit court's "Order Denying and Dismissing Petitioner's Writ of Mandamus" entered November 7, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and its November 7, 2011, order dismissing petitioner's petition for a writ of mandamus is affirmed.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2011 NOV -7 PM 2: 56

CATHY S. GATSON, CLERK
KANAWHA CO. CIRCUIT COURT

**RICHARD A. ROBB,**

Petitioner,

v.                                                     Civil Action No. 09-MISC-352

**WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD,**

Respondent.

## ORDER DENYING AND DISMISSING PETITIONER'S WRIT OF MANDAMUS

This matter comes before this Court pursuant to a *Petition for Writ of Mandamus* and *Amended Petition for Writ of Mandamus*, filed by the Petitioner, Richard A. Robb, pro se.  In response, on October 19, 2009, the Respondent, West Virginia Consolidated Public Retirement Board, by and through its counsel, J. Jeaneen Legato, filed a *Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted.*  On March 17, 2010, and April 2, 2010, the Petition filed a *Summary of Petitioner's Argument* and *Supplement to Petitioner's Argument*, respectively.  On April 12, 2010, the Respondent filed a *Response* to the Petitioner's summary and supplement.

Upon consideration of the Writ presented by Mr. Robb, the *Motion to Dismiss* filed by the Respondent, the filings of the parties, the file in this matter and all relevant legal precedent, this Court hereby finds as follows:

The Petitioner, Richard Robb, asserts that he has standing to bring this action based on his status as a taxpayer and resident of West Virginia, a retiree of the Public Employees Retirement System, and as an attorney with a "special responsibility for the quality of justice." The Petitioner further asserts that he may be potentially eligible to participate in the retirement system for judges of courts of record if he is elected to the judiciary in the future.

The West Virginia Consolidated Public Retirement Board (hereinafter "Retirement Board") is a public body established pursuant to W. Va. Code § 5-10D-1 to serve as the statutory administrator of all public retirement plans in the State of West Virginia. The Retirement Board is responsible for the administration of eight separate and distinct retirement plans. Each plan is governed by different articles and chapters of the West Virginia Code. The Public Employees Retirement System, at issue in this case, is administered in accordance with the provisions of W. Va. Code § 5-10-1, *et seq.*, and is funded by contributions deducted from the member's salary, contributions paid by the member's public employer on the member's behalf, and earnings on those investments.

## Factual and Procedural History

This action originates from the retirements and subsequent reelections of three public employees: Kanawha County Circuit Court Judge, Charles E. King; Cabell County Circuit Court Judge, Alfred E. Ferguson, Jr.; and Summers County Magistrate, J. W. Jeffries, Jr.

On September, 25, 2008, Judge Charles E. King submitted an application for retirement with the Retirement Board. On October 21, 2008, Judge King's employer, the West Virginia Supreme Court of Appeals, submitted verification of his last day of work as occurring on October 16, 2008. Judge King retired from the Public Employees Retirement System after 35 years and 11 months of total service. On November 1, 2009, the Retirement Board began paying Judge King his retirement annuity. At the time of his retirement, Judge King was on the ballot and unopposed for reelection to the position of Circuit Court Judge in Kanawha County, West Virginia. Judge King was subsequently reelected and began serving as a Circuit Court Judge in Kanawha County on January 1, 2009.

On October 1, 2008, Judge Alfred E. Ferguson, Jr., submitted an application for retirement with the Retirement Board. On October 31, 2008, Judge Ferguson's employer, the West Virginia Supreme Court of Appeals, submitted verification of his last day of work as occurring on October 31, 2008. Judge Ferguson retired from the Public Employees Retirement System after 32 years and two months of total service. On November 1, 2008, the Retirement Board began paying Judge Ferguson his retirement annuity. At the time of his retirement, Judge Ferguson was on the ballot and unopposed for reelection to the position of Circuit Court Judge in Cabell County, West Virginia. Judge Ferguson was subsequently reelected and began serving as a Circuit Court Judge in Cabell County on January 1, 2009.

On December 28, 2007, Magistrate J. W. Jeffries, Jr., submitted an application for retirement with the Retirement Board. On July 2, 2008, Magistrate Jeffries's employer, the West Virginia Supreme Court of Appeals, submitted verification of his last day of work occurring on June 30, 2008. Magistrate Jeffries

retired from the Public Employees Retirement System after 31 years and 6 months of total service. On July 1, 2008, the Retirement Board began paying Magistrate Jeffries his retirement annuity. At the time of his retirement, Magistrate Jeffries was on the ballot and unopposed for reelection to the position of Magistrate in Summers County, West Virginia. Magistrate Jeffries was subsequently reelected and began serving as Magistrate in Summer County on January 1, 2009.

On September 25, 2009, and September 28, 2009, the Petitioner filed a *Petition for Writ of Mandamus* and *Amended Petition for Writ of Mandamus*, respectively. The Petitioner is seeking a writ to compel the Respondent to cease paying retirement benefits to three judicial officers, Judge King, Judge Ferguson, and Magistrate Jeffries. In his petition, the Petitioner alleges that the public is being harmed by the payment of retirement to the three judicial officers.

On October 19, 2009, the Respondent filed a *Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted.* In its motion, the Respondent asserts that (1) the Petitioner lacks standing to initiate this action; and (2) the Petitioner can not establish any of the elements required for issuance of a writ of mandamus.

On March 17, 2010, the Petitioner filed a *Summary of Petitioner's Argument* asserting that the three judicial officers never retired and that the Respondent breached its fiduciary duty when it "arbitrarily recognized these bogus retirements" and began paying retirement benefits to the three judicial officers. The Petitioner requests that the Respondent cease paying retirement benefits to the three judicial officers and seek reimbursement of previous payments.

On April 2, 2010, the Petitioner filed a *Supplement to Petitioner's Argument* asserting that the judicial officers did not actually retire because no successors were appointed as required by W. Va. Code § 6-5-2.

On April 12, 2010, the Respondent filed a *Response to Petitioner's Supplement and Summary*, asserting that (1) the judicial officers resigned from office as evidenced by each individual's resignation letter; and (2) the Petitioner has failed to show how he and/or the public has been harmed by the payment of retirement benefits to the three judicial officers.

## Arguments of the Parties

The Petitioner asserts that the Respondent breached its fiduciary duty to uphold the financial integrity of the Public Employee Retirement System when it failed to challenge the validity of the retirement of three judicial officers who were subsequently reelected to the positions from which they had retired. The Petitioner argues that the three judicial officers never actually retired under the legal or generally accepted definition of the word, retirement. Instead, the Petitioner contends, the three judicial officers utilized a loophole in the State's retirement laws in order to collect retirement benefits while serving as elected officials. The Petitioner maintains that by paying retirement benefits to the three judicial officers, the Respondent has arbitrarily recognized three bogus retirements and breached its fiduciary duty to the retirement fund.

In support of his petition, the Petitioner asserts that, pursuant to W. Va. Code § 5-10-48, the State has a "compelling state interest in maintaining an

actuarially sound retirement system and that this interest necessitates that certain limitations be placed upon an individual's ability to retire from the system and to then later return to state employment as an employee with a participating public employer while contemporaneously drawing an annuity from the system." The Petitioner acknowledges that the statute permits a continuation of retirement benefits in the event a person who has retired from public employment is elected or appointed to a position of public service. However, the Petitioner maintains that the instant situation was not contemplated by the Legislature, and thus, the compelling state interest in an actuarially sound retirement system overrides any interpretation of the statute that would permit the three judicial officers in this case to receive retirement benefits while serving in their respective elected offices.

The Respondent asserts that the Petitioner has failed to submit any evidence which would satisfy the elements required to obtain a writ of mandamus. Further, the Respondent notes that the Petitioner has failed to articulate how he and/or the public have been harmed by the payment of retirement benefits to the three judicial officers. The Respondent contends that, pursuant to W. Va. Code § 6-5-2, the three judicial officers in question resigned from office, and that each judicial officer experienced a break or cessation in employment before being reelected to office.

The Respondent argues that, pursuant to W. Va. Code § 5-10-20, it is required to pay out retirement benefits when certain conditions are met. The Respondent offers that the three judicial officers have met the statutory requirements contained in W. Va. Code § 5-10-20, thus the Respondent was without discretion to deny retirement benefits. The Respondent maintains that,

pursuant to W. Va. Code § 5-10-48, the three judicial officers had a statutory and constitutional right to retirement benefits once they met the statutory requirements to receive retirement benefits set forth in W. Va. § Code 5-10-20.

## Standard of Review

In *State ex rel. Crist v. Cline*, 219 W.Va. 202, 632 S.E.2d 358, 363-5 (2006), the West Virginia Supreme Court of Appeals articulated the standards this Court utilizes when considering a Writ of Mandamus. It stated that:

> [m]andamus lies to require the discharge by a public officer of a nondiscretionary duty.' Point 3 Syllabus, *State ex rel. Greenbrier County Airport Authority v. Hanna*, 151 W.Va. 479[, 153 S.E.2d 284 (1967) ]." Syllabus point 1, *State ex rel. West Virginia Housing Development Fund v. Copenhaver*, 153 W.Va. 636, 171 S.E.2d 545 (1969).

Syl. pt. 1, *State ex rel. Williams v. Department of Military Affairs*, 212 W.Va. 407, 573 S.E.2d 1 (2002).

The West Virginia Supreme Court of Appeals further stated:

> Moreover, '[s]ince mandamus is an 'extraordinary' remedy, it should be invoked sparingly.' *State ex rel. Billings v. City of Point Pleasant*, 194 W.Va. 301, 303, 460 S.E.2d 436, 438 (1995) (footnote omitted). *See also State ex rel. Frazier v. Meadows*, 193 W.Va. 20, 31, 454 S.E.2d 65, 76 (1994) ('It is well established in this jurisdiction that a writ of mandamus is only granted in extraordinary circumstances.'). 'The traditional use of mandamus has been to confine an administrative agency or an inferior court to a lawful exercise of its prescribed jurisdiction or 'to compel it to exercise its authority when it is its duty to do so.' *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, 1190 (1943); *State ex rel. Frazier v. Meadows*, 193 W.Va. 20, 31, 454 S.E.2d 65, 76 (1994).' *Billings* at 303, 460 S.E.2d at 438.

> In establishing the standard which must be met before a court will grant a petition for writ of mandamus, this Court has declared that '[t]o invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another

adequate remedy.' Syl. pt. 2, *Myers v. Barte*, 167 W.Va. 194, 279 S.E.2d 406 (1981). Finally, we note that 'the burden of proof as to all the elements necessary to obtain mandamus is upon the party seeking the relief.' 52 Am.Jur.2d *Mandamus* § 3 at 271 (2000) (footnote omitted).

*State ex rel. Crist v. Cline*, 219 W.Va. 202, 632 S.E.2d 358, 363-5.

The Respondent, West Virginia Consolidated Public Retirement Board, is a public body whose purpose is to administer public employee retirement plans in West Virginia. The Court must now determine whether the Petitioner has standing to seek issuance of a writ of mandamus and whether the Petitioner has established the existence of the three elements required before a writ of mandamus will issue: (1) a clear legal right to compel the Respondent to cease paying retirement benefits to the three judicial officers; (2) a legal duty of the Respondent to terminate retirement benefits for the three judicial officers; and (3) no adequate remedy at law.

## Analysis

This case originates from the retirement and subsequent reelection of three judicial officers to the positions from which they recently retired. Judge King, Judge Ferguson, and Magistrate Jeffries each submitted an application for retirement benefits and retired from their positions on October 16, 2008, October 31, 2008, and June 30, 2008, respectively. The three judicial officers were then reelected to their position in November, 2008. All three judicial officers began serving in their elected positions on January 1, 2009, while receiving retirement benefits based on their recent retirements from the same public offices.

The version of West Virginia Code § 5-10-48(d), in effect at the time the three judicial officers retired and applied for retirement benefits, permitted a continuation of retirement benefits "in the event a member retires and is then subsequently elected to a public office." The Legislature found that the interests of the public were served by the post-retirement reemployment of certain persons in public service based on the need for qualified employees that may have particularly valuable expertise. W. Va. Code § 5-10-48(a). The Legislature further found that reemployment of these persons "has no adverse effect whatsoever upon the actuarial soundness of [the public employee retirement system.]" *Id.*

The previous version of West Virginia Code 5-10-48(d) stated, in relevant part:

> In the event a member retires and is then subsequently elected to a public office or is subsequently appointed to hold an elected public office . . . he or she has the option . . . to either: (1) Continue to receive payment of his or her annuity while holding such public office . . . in addition to the salary he or she may be entitled to as such office holder . . . . Notwithstanding the provisions of this subsection, a member who is participating in the system as an elected official may not retire from his or her elected position and commence to receive an annuity from the system and then be reappointed to the same position unless and until a continuous six-month period has passed since his or her retirement from the position.

West Virginia Code 5-10-48(d) was amended by Senate Bill 244 in 2009, and currently reads:

> In the event a member retires and is then subsequently elected to a public office or is subsequently appointed to hold an elected public office . . . he or she has the option . . . to either: (1) Continue to receive payment of his or her annuity while holding such public office . . . in addition to the salary he or she may be entitled to as such office holder . . . . Notwithstanding the provisions of this subsection, a member who is participating in the system as an elected public official may not retire from his or her elected position and commence to receive an annuity from the system and then <u>be elected</u> or reappointed to the same position unless and

until a continuous <u>twelve-month</u> period has passed since his or her retirement from the position.[1] (Emphasis added).

The Petitioner contends that the previous enactment of W. Va. Code § 5-10-48 was ambiguous and should be interpreted to find that the three judicial officers are not entitled to retirement benefits during their subsequent tenure in elected office. The Respondent argues that the three judicial officers had a statutory and constitutional right to receive retirement benefits.

As a preliminary matter, the Court must determine whether the Petitioner has standing to bring this action. The Court will then address whether the Petitioner has met the requirements to bring a writ of mandamus. Lastly, the Court will determine whether this action should be dismissed for failure to state a claim upon which relief can be granted.

## I.     The Petitioner lacks standing to bring this action.

As an initial matter, the Respondent contends that the Petitioner lacks standing to bring this action. The Respondent asserts that, "[t]he Petitioner has failed to allege any facts which would establish that he has a 'personal stake in the outcome of the controversy as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' *Sierra Club v. Morton*, 405 U.S. 727, 732, 92 S.Ct. 1361 (1972)."

In his *Amended Petition for Writ of Mandamus*, the Petitioner asserts that he has standing based on his status as (1) a resident and taxpayer in West Virginia; (2)

---

[1] The underlined portions denote changes in the statutory language.

a retiree of the Public Employees Retirement System; (3) potentially eligible to participate in the retirement system for judges of courts of record based on his previous candidacy for the West Virginia Supreme Court of Appeals in 1996; and (4) an attorney who is an officer of the legal system and has a special responsibility for the quality of justice. The Petitioner asserts that, as a citizen, he is entitled to a writ of mandamus to enforce the performance of a public duty because the issue in this case concerns a public right.[2]

In *Snyder v. Callaghan*, 168 W. Va. 265, 275, 284 S.E.2d 241, 248 (1981), the West Virginia Supreme Court of Appeals recognized that, "the question of standing to sue is whether the litigant has alleged such a personal stake in the outcome of the lawsuit so as to present the court with a justiciable controversy warranting judicial resolution of the dispute." The West Virginia Supreme Court of Appeals further noted that, "[i]n order to have standing to sue, a party must allege an injury in fact, either economic or otherwise, which is the result of the challenged action and show that the interest he seeks to protect by way of the institution of legal proceedings is arguably within the zone of interests protected by the statute, regulation or constitutional guarantee which is the basis for the lawsuit." *Id.* (*citing Shobe v. Latimer*, 162 W. Va. 779, 253 S.E.2d 54 (1979)).

The Petitioner alleges that he, as a citizen of West Virginia, has been injured by the allegedly illegal payment of retirement benefits to three judicial officers by the Respondent. The Petitioner further alleges that payment of retirement benefits to the three judicial officers "constitutes a financial detriment to the state

[2] In support of his position, the Petitioner cites a number of West Virginia cases, including, *Myers v. Barte*, 167 W. Va. 194, 279 S.E.2d 406 (1981).

government, its taxpayers and retirees." However, as noted by the Respondent, the Petitioner has failed offer any evidence in support of his claim that he or the public has been harmed by the payment of retirement benefits to the three judicial officers.

The Respondent maintains that the payment of retirement benefits to the three judicial officers has no fiscal impact on the taxpayers or the Petitioner's retirement annuity. As evidence, the Respondent offers that, pursuant to W. Va. Code § 5-10-1, *et seq.*, once an individual becomes eligible to retire he or she is statutorily entitled to receive his or her retirement annuity. The Respondent contends that the amount of the retirement annuity is not impacted by what an individual chooses to do post retirement and that post-retirement employment does not have any effect on the Public Employees Retirement Fund.

The Petitioner maintains that the Respondent's assertions that the three judicial officers' retirements had no fiscal impact on the Retirement Fund is invalidated by the Respondent's recent attempt to increase its funding requirements by more than 50%. However, the Petitioner failed to offer any evidence of the 50% rate increase or how it related to the payment of retirement benefits to the three judicial officers. In his brief, the Petitioner asserted that, "[a]lthough the board's motion to dismiss trivialized the fiscal effect of these retirements, it recently sought an increase of more than 50% in its funding requirements." The Petitioner did not offer any support for this factual assertion and did not explain it further. Without more information about the alleged 50% increase the Court is unable to determine whether this statement has any merit.

According to the Respondent's website, the retirement system has approximately 35,800 active members and approximately 20,500 retirees receiving annuity benefits.[3] Thus, the Respondent is obligated to pay benefits to tens of thousands of former state employees. Based on the large number of active members and retirees participating in the Public Employees Retirement System, the effect of the payment of benefits to three judicial officers who qualify for benefits under the statute is so remote, fluctuating, and uncertain, that there is no basis for judicial intervention. Tantamount in the Court's analysis is the fact that the three judicial employees are each entitled to receive a retirement annuity based on their years of service as public employees. Therefore, the Petitioner's argument fails to show how the payment of retirement benefits to the three judicial employees has had a negative fiscal impact on taxpayers or his own retirement annuity.

The Public Employees Retirement System, administered pursuant to W. Va. Code § 5-10-1, *et seq.*, is funded by contributions deducted from members' salaries, contributions paid by the members' public employers on the members' behalves, and earnings on investments made with the contributions. Once a member becomes eligible for retirement, he or she is statutorily entitled to receive a retirement annuity, pursuant to W. Va. § Code 5-10-22. The retirement annuity is defined as "a straight life annuity equal to one and five-tenths percent of his or her final average salary multiplied by the number of years, and fraction of a year, of his or her credited service in force at the time of his or her retirement . . . all annuity payments shall commence effective the first day of the month following the month in which the member retires." *Id.* Thus, the amount of the annuity is determined

---

[3] *See* West Virginia Consolidated Public Retirement Board, *Public Employees Retirement System Plan Description*, available at: http://www.wvretirement.com/PERS%20Plan%20Description.html (last visited April 29, 2010).

at the time of retirement and is not affected by what the individual chooses to do post-retirement.

Therefore, the Petitioner has failed to establish that the payment of retirement benefits to the three judicial officers has had any negative financial impact upon him or upon the taxpayers of this state. Further, the Petitioner has failed to articulate any other legal basis upon which he might have standing to bring this action. In conclusion, the Court **FINDS** that the Petitioner does not have standing to bring this Writ for Mandamus.

## II.    The required elements for mandamus have not been met.

The West Virginia Supreme Court of Appeals has recognized that a writ of mandamus will not issue unless three elements coexist: (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy. Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). Further, "mandamus is a drastic remedy to be invoked only in extraordinary situations." *See* Syl. Pt. 1, in part, *State ex rel. Billings v. Point Pleasant*, 194 W. Va. 301, 460 S.E.2d 436 (1995). "The issuance of a writ of mandamus is normally inappropriate unless the right or duty to be enforced is nondiscretionary. The importance of the term 'nondiscretionary' cannot be overstated-the judiciary cannot infringe on the decision-making left to the executive branch's prerogative." *McComas v. Board of Education of Fayette County*, 197 W. Va 188, 193, 475 S.E.2d 280, 285 (1996).

It is axiomatic that the Respondent has the authority to administer the Public Employees Retirement System and pay retirement benefits to qualifying public employees. The Respondent is statutorily obligated to pay retirement benefits to qualifying retirees. *See* W. Va. Code § 5-10-20; W. Va. Code § 5-10-1, et seq. Thus, this Court may not interfere with the statutorily mandated payment of retirement benefits without strong evidence justifying interference.

Further, the West Virginia Supreme Court of Appeals has recognized that "[m]oneys earned by public employees and contributed to a public employees' retirement plan, including the employers' contribution which has been earned by the public employees, become part of the corpus of the trust and are not thereafter state funds for expropriation or use for any purpose other than that for which the moneys were entrusted." Syl. Pt. 21, *Dadisman v. Moore*, 181 W. Va. 779, 384 S.E.2d 816 (1988). However, the Court would note that the Respondent's legal powers are not absolute, and a writ of mandamus is appropriate where the Respondent fails to meet its clear legal duties. *See Billings*, 194 W. Va. at 303, 460 S.E.2d at 430 (citations omitted) (stating that "[t]he traditional use of mandamus has been to confine an administrative agency . . . to a lawful exercise of its prescribed jurisdiction or 'to compel it to exercise its authority when it is its duty to do so.' ").

The "clear legal right" to the relief sought is related to the question of standing. Thus, where the individual is a part of the class that is being affected by the action then he or she is ordinarily found to have a clear legal right. *See Walls v. Miller*, 162 W. Va. 563, 251 S.E.2d 491 (1978). In this case the Petitioner has failed to establish that he is a part of the class that is being affected by the payment

of retirement benefits to the three judicial officers. He has not offered any evidence in support of his position that the payment of retirement benefits has caused a financial detriment to the taxpayers. Further, the Petitioner has not offered any evidence to rebut the evidence offered by the Respondent to show that payment of retirement benefits has not had a negative fiscal impact on the retirement fund. The three judicial officers met the statutory requirements for receiving their retirement annuities when they retired in 2008. Whether the three judicial officers receive their retirement benefits now or when they retire from their current positions has a remote effect on the Retirement Fund based on the large number of citizens who are members of the Public Employees Retirement System. The Court **FINDS** that the Petitioner has failed to establish that he has a "clear legal right" to terminate the retirement benefits of the three judicial officers.

Secondly, the Petitioner has failed to show that the Respondent has a legal duty to stop paying retirement benefits to the three judicial officers. The crux of the Petitioner's argument is that the three judicial officers did not meet the definition of retirement as contemplated by the West Virginia Code, thus, the Respondent breached its fiduciary duties when it began paying them retirement benefits. Under the Petitioner's theory, an individual seeking reelection to a position from which he or she claims to be retiring, never retired and is "attempting to 'beat the system' through a technicality or loophole that does not exist."

The Petitioner cites *Smith v. Consol Retirement Bd.*, 222 W. Va. 345, 664 S.E.2d 686(2008), as supporting his position that the three judicial officers did not retire. In support of his position the Petitioner quotes the following: "It is clear under our law, however, that an incumbent who is reelected to a consecutive term

of office does not leave his or her employment at the end of his or her original term and return to employment at the beginning of the second term." *Id.*, 222 W. Va. at 349, 664 S.E.2d 690. However, the Petitioner's reliance on *Smith v. State Consol Retirement Bd.*, is misplaced. In *Smith*, the West Virginia Supreme Court of Appeals addressed a situation in which the incumbent experienced no break or cessation in employment between terms of office. In the instant case, unlike *Smith*, all three judicial officers experienced a cessation in employment before being reelected. The judicial officers did not simply finish a complete term in their respective elected offices and start a new term, but actually retired from office for a period of months and then began a period of employment once they were reelected. All three submitted applications for retirement and ceased working for a period of time before beginning their current terms in January, 2009.

The Petitioner further asserts that the three judicial officers did not actually retire because no successor was appointed to replace the judicial officers as required by W. Va. Code § 6-5-2. The Petitioner's reliance on W. Va. Code § 6-5-2 is equally misplaced. West Virginia Code § 6-5-2 states, "[t]he term of every officer shall continue (unless the office be vacated by death, **resignation**, removal from office, or otherwise) until his successor is elected or appointed, and shall have qualified." (Emphasis added). Under a plain reading of the statute[4], a successor is not required to cause cessation of a term where the officer resigned. In this case, all three judicial officers submitted letters of resignation. On October 14, 2008, Judge King submitted a letter of resignation stating that his last day of employment would be October 16, 2008. On October 15, 2008, Judge Ferguson submitted a

---

[4] "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

letter of resignation stating that his last day of employment would be October 31, 2008. On May 1, 2008, Magistrate Jeffries submitted a letter of resignation stating that his last day of employment would be June 30, 2008. All three judicial officers ceased working on their respective submitted dates of resignation. Thus, under a plain reading of W. Va. Code § 6-5-2, the appointment of a successor was not required to end each judicial officer's term. Each judicial officer's term ceased upon his date of resignation.

The Petitioner has not identified any statute that gives him a legally enforceable right to have the Court compel the Respondent to cease paying retirement benefits to the three judicial officers. In actuality, once a member becomes eligible for retirement, the Respondent is required by W. Va. Code § 5-10-1, *et seq.*, to distribute the member's retirement annuity. West Virginia Code § 5-10-20, specifically provides that "[u]pon retirement, the member **shall** receive an annuity provided for in section twenty-two of this article." (Emphasis added). To be eligible for retirement, a member must be at least 60 years old and have five or more years of credited service. All three judicial officers meet the requirements for voluntary retirement under W. Va. Code § 5-10-20, thus, the Respondent is statutorily required to begin paying them their retirement annuities upon retirement.[5] Therefore, the Court **FINDS** that the Respondent does not have a legal duty to cease paying retirement benefits to the three judicial officers.

Thirdly, the Petitioner has failed to establish the absence of another adequate remedy. The Petitioner has failed to show how payment of retirement

---

[5] At the time the three judicial officers retired, no statutory authority existed to prohibit them from receiving their retirement annuities.

benefits to the three judicial officers harmed him, the Public Employees Retirement System, the state government, taxpayers, or retirees. Further, the Legislature has already taken action in this matter, by passing and enacting Senate Bill 244. Senate Bill 244 prohibits a public official from retiring from his or her elected position, begin receiving his or her retirement annuity, and then be reelected or appointed to his or her same position unless a continuous twelve month period has passed since his or her retirement. *See* W. Va. Code 5-10-48(d). "A statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute." Syl. Pt. 3, *Shanholtz v. Monogahela [Monongahela] Power Co., 165 W.Va. 305, 270 S.E.2d 178 (1980)*. There is no indication that the Legislature intended retroactive application. Thus, the statutory amendment to W. Va. Code § 5-10-48, made in 2009, is not applicable to the three judicial officers who retired in 2008.

The Legislature has since acted to prevent other public officials from taking similar actions. Further, the Respondent has established that payment of retirement benefits to the three judicial officers has not affected the actuarial soundness of the public employees' retirement system. Therefore, the Court **FINDS** that the Petitioner has failed to show that mandamus should lie for lack of another adequate remedy at law.

# Conclusion

The Petitioner brought this action to force the Respondent to cease paying retirement benefits to three judicial officers. However, the Petitioner has failed to establish that he has standing to bring this action. Further, the Petitioner has failed to establish the three elements required to invoke mandamus: (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy. Syl. pt. 2, *Myers v. Barte*, 167 W.Va. 194, 279 S.E.2d 406 (1981). Therefore, the Court **DENIES** the Petitioner's *Amended Petition for Writ of Mandamus*.

The actions of the three judicial officers were in compliance with the law in place at the time they retired. With the 2009 Amendment to W. Va. Code § 5-10-48, there is no longer any issue of controversial vitality relating to payment of retirement benefits to retired public employees who are subsequently elected to public office. In effect, the Legislature has closed the "loophole." Although the Petitioner may have been correct in noting that there was great public outcry at the actions of the three judicial officers, the Legislature has acted to prevent such actions in the future.

The writ of mandamus is an extraordinary remedy used to compel a public officer to perform a non-discretionary duty. It is not a mechanism by which courts may modify the law in place at the time the acts complained of occurred because of unfavorable public opinion. Accordingly, this Court hereby **DISMISSES** this action with prejudice and **ORDERS** that the same be stricken from the Court's docket.

It is further **ORDERED** that the Clerk of this Court shall send copies of this

*Order* to the following parties:

Richard A. Robb
1707 Massey Circle
South Charleston, West Virginia 25303

J. Jeaneed Legato, Esq.
West Virginia Consolidated Retirement Board
4101 MacCorkle Ave. S.E.
Charleston, West Virginia 25304

**ENTERED** this **3** day of November, 2011.

James O. Holliday, Judge

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA         CLERK

Date:
Certified copies sent to:
___ counsel of record   JL
___ parties
___ other
       (please indicate)
By:
___ certified/1st class mail
___ fax
___ hand delivery
___ interdepartmental
Other directives accomplished:

Deputy Circuit Clerk